# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5535 | **DATE** | 4/5/2012 |
| **CASE TITLE** | Bank of Commerce vs. Regan | | |

**DOCKET ENTRY TEXT**

Defendants' motion to remand [11] is denied. The parties shall appear for a status hearing on 4/24/2012 at 9:30 a.m.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

    This case began its life as Case No. 2010 L 000349 in the 18th Judicial Circuit of DuPage County, when the Bank of Commerce ("the Bank") filed a three-count complaint alleging breach of contract against the defendants based on two promissory notes and a guaranty. One of the defendants, Daniel Regan, filed a counterclaim against the Bank alleging that the Bank breached its fiduciary duty to him as a shareholder. After amending his counterclaim twice, the Bank was closed by the Illinois Department of Financial and Professional Regulation, and on March 25, 2011, the FDIC Receiver was appointed as the receiver for the Bank. In assuming that role, the FDIC Receiver succeeded to "all rights, titles, powers, and privileges" of the Bank.

    The FDIC Receiver removed the action to federal court on August 15, 2011. Shortly thereafter, the defendants filed a motion to remand the case back to state court. In particular, the defendants argue that the claims to be adjudicated in the second amended counterclaim arise under state law and that, as a result, the case cannot be removed pursuant to 28 U.S.C. § 1819(2)(D) (which seems to be a typographical error, as the motion quotes from the relevant portion of 12 U.S.C. § 1819(2)(D)).

    The Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") provides a limited exception to the federal grant of jurisdiction: the so-called "state law exception" set out in 12 U.S.C. §1819(b)(2)(D). That subsection provides:

[A]ny action –
    (i) to which the [FDIC], in the [FDIC's] capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as plaintiff;
    (ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and
    (iii) in which only the interpretation of the law of such State is necessary,

| STATEMENT |
|---|

shall not be deemed to arise under the laws of the United States.

According to the FDIC Receiver, "[t]he exception is subject to three requirements, *all of which* must be met before an action may be remanded to state court," and subsection (D)(iii) is not satisfied here. In particular, the FDIC Receiver argues that the case will not involve "only" the interpretation of state law both because the counterclaim "requires interpretation of more than just state law, as [Regan] cites numerous federal statutes and regulations in his pending counterclaim," and because "several of FDIC-Receiver's *defenses* are grounded in federal law."[1] Because the court agrees, the motion is denied.

Courts, including this one, have held that federal jurisdiction exists when the FDIC presents colorable federal defenses. *See, e.g.*, *Diaz v. McAllen State Bank*, 975 F.2d 1145, 1149 (5th Cir. 1992) ("[A]sserting a federal defense will not alone prevent remand to state court. Rather the FDIC must assert a defense that raises colorable issues of federal law.") (following guidance from the 1st, 8th, and 11th Circuits); *King v. F.D.I.C.*, No. 91 C 1623, 1992 WL 402966, at *4 (N.D. Ill. Dec. 30, 1992) (interpreting *Reding v. FDIC*, 942 F.2d 1254 (8th Cir. 1991) to establish that "the district court need only find that FDIC's claimed federal defense presented a colorable issue and was not meritless" in order "[t]o uphold the presumption of federal jurisdiction"). In this case, the FDIC Receiver's defenses are colorable and will oblige this court to examine and interpret federal law. For instance, the FDIC Receiver asserts that Regan failed to submit his claim to the administrative claim process mandated under FIRREA. Assuming *arguendo* that this is true, Regan's counterclaim would be barred. *See Maher v. F.D.I.C.*, 441 F.3d 522, 525 (7th Cir. 2006) ("Federal courts lack jurisdiction to address claims that fail to comply with FIRREA's administrative claims process."). For these reasons, the motion to remand is denied. The parties shall appear for a status hearing on 4/24/2012 at 9:30 a.m.

---

[1] The defendants have not filed any reply to counter these arguments, and the court is left with only their sparse four-page motion, which cites limited authority and is of little assistance to the court in resolving the matter.